# In the United States Bankruptcy Court
## for the
### Southern District of Georgia
#### Savannah Division

**FILED**

Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
*By Carrie Ramirez at 3:47 pm, Mar 31, 2008*

| | |
|---|---|
| In the matter of: | ) |
| | ) |
| DANIEL M. WALL | ) |
| (Chapter 7 Case Number <u>07-40090</u>) | ) |
| | ) |
| *Debtor* | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| INSURANCE OFFICE OF | ) |
| AMERICA, INC. | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| DANIEL M. WALL | ) |
| | ) |
| *Defendant* | ) |

Adversary Proceeding

Number <u>07-4073</u>

## MEMORANDUM AND ORDER

This matter having come before the Court on February 13, 2008, the Court, after a review of the complete record in the case and evidence submitted, enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On or about April, 2002, Defendant Daniel M. Wall executed and delivered to Plaintiff, Insurance Office of America, Inc. ("IOA"), a promissory note. The promissory

note provided that all unpaid principal and accrued interest was payable on demand. IOA demanded repayment of the promissory note, and, on September 24, 2004, filed suit against Defendant in the Circuit Court for the 18th Judicial Circuit, Seminole County, Florida, to recover amounts owed under the promissory note (Case No. 04-CA-2068-15-L). That court entered judgment in favor of IOA on February 10, 2005, and awarded IOA $109,055.68.

On or about October 21, 2004, Defendant entered into a plea of guilty to one count of insurance fraud in violation of O.C.G.A. § 33-1-9(a)(2) and one count of theft by deception in violation of O.C.G.A. § 16-8-3 in the Superior Court of Burke County. Each of these counts constitutes a felony in the State of Georgia, and Defendant was sentenced to ten (10) years of confinement to run concurrently. In addition, Defendant was ordered to pay the sum of $52,623.00 to the Clerk of Superior Court of Burke County on behalf of Burke Medical Center as restitution, $15,000.00 to the Clerk of Superior Court of Burke County on behalf of Appling County Medical Center as restitution, and $26,311.50 to the Clerk of Superior Court of Burke County in fines.

The judgment was obtained against Defendant in Seminole County, Florida, and was domesticated in Chatham County, Georgia. A *writ of fieri facias* was filed in Chatham County Superior Court against Defendant in the amount of $109,055.68 on August 9, 2005. Post-judgment discovery was initiated by Plaintiff on or about July 19, 2005. After filing a motion to compel discovery on October 14, 2005, an Order was issued on December 12, 2005, ordering Defendant to respond to discovery and appear for a deposition. After a

motion for sanctions was filed on March 1, 2006, Defendant agreed to appear for a deposition. Defendant never responded to the written discovery served on July 19, 2005. An Order Domesticating the Foreign Judgment was entered on December 13, 2006.

As a result of having to pay restitution arising from his criminal case, Defendant was not able to meet his obligation to IOA, thus he filed a petition seeking Chapter 7 bankruptcy relief on January 17, 2007 (Chapter 7 Case No. 07-40090-LWD). Schedule "I" lists the gross income of Defendant at $2,500.00 per month and the gross income of his spouse at $3,100.00 per month. Schedule J lists the current average monthly expenses of $4,435.00. Included in this amount, $1,250.00 was listed under the 13(b) "other" category identified as "spouse's CC payments and Tuition." No expenses were listed under section 9, "recreation, clubs and entertainment, newspapers, magazines, etc." Defendant's daughter attends Savannah Country Day School with an annual tuition of $14,500.00. Defendant's family members have regularly paid this tuition since approximately spring of 2004 as a gift to Defendant's daughter. Defendant has not incurred any obligation to repay the tuition payments made by family members. However, Defendant has incurred an obligation to his mother in the amount of $50,000.00 for money she loaned him during his prior financial difficulties. See Amendment to List of Creditors, Case No. 07-40090, Dckt. No. 17 (March 6, 2007). Marquis Life Marketing, LLC, the business which Debtor owns and operates, pays $185.00 per month for his Savannah Yacht Club membership.

IOA objected to Defendant's discharge and filed the instant adversary

proceeding on April 13, 2007. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 727.

In the month prior to Defendant's filing, after it collected a large consulting fee, Marquis Life Marketing, LLC, Debtor's wholly-owned business, made payments by check of $8,000.00 to Savannah Country Day School, $4,500.00 to Heather Wall, Defendant's estranged wife, $853.12 to the Savannah Yacht Club, $5,000.00 to Barbara Wall, Defendant's mother, $3,000.00 to Isle of Hope United Methodist Church, and $500.00 to cash. After the petition was filed, the LLC made payments totaling $1,495.45 to Heather Wall and $1,881.51 to the Savannah Yacht Club. All of these payments were made by Defendant from an account at Wachovia Bank titled in the LLC, which is the only account available for Defendant's use.

Plaintiff objects to discharge because of these payments. First, Plaintiff alleges that Defendant had the actual intent to transfer property of the estate with intent to defraud, within one year before or after the filing of a petition, has knowingly and fraudulently made false oath or account, and/or failed to keep or preserve recorded info on Defendant's financial condition or business transactions. 11 U.S.C. § 727(a)(2). Second, Plaintiff argues that Defendant has failed to explain satisfactorily any loss of assets or deficiency of assets to meet Defendant's liabilities. 11 U.S.C. § 727(a)(5).

Defendant argues that Plaintiff failed to show that Defendant had the actual

intent to conceal or dispose of property of the estate or has failed to explain his inability to pay his creditors. Defendant contends that the payments to his wife were only intended to assist in reconciling his marriage, and the payments to his mother were repayment for part of a loan she gave when his finances were in disarray. Defendant also contends that his motivation in effecting payment to Savannah Country Day School was to keep his daughter in school since payments to the school were four months overdue, and his payment to the Savannah Yacht Club was on a bona fide outstanding balance due and not a hidden attempt to defraud his creditors.

Defendant explains his loss of assets as follows. First, Defendant contends that the $5,000.00 payment to Barbara Wall in December 2006 was to repay a family loan in the amount of approximately $50,000.00. This loan agreement was verbal and was later included in an amendment to Schedule "F" as an unsecured debt. Amendment to List of Creditors, Case No. 07-40090, Dckt. No. 17. Defendant had not made payments on this debt prior to December 2006 since sometime in 2004. Second, Defendant contends that the amounts, if not the category, of payments to his wife, Savannah Country Day School, and the check of $500.00 to cash were accounted for in Schedule "J" as "spouse's CC payments and tuition." Defendant has been legally separated from this wife, Heather Wall, for a period of time after divorce proceedings were initiated by her. Defendant and Heather Wall reconciled in December 2006, and Defendant was under no obligation after reconciling with her to pay her any continuing temporary support or alimony but was in arrears on pre-reconciliation payments. No payments are listed under paragraph 14 of Schedule "J" titled "alimony,

maintenance, and support of others," but he did reveal payments toward her "CC" (credit card) balances. This category also includes "tuition," thus Defendant argues that the payment to Savannah Country Day School was included in Schedule "J."

Third, Defendant contends that the payment to the Savannah Yacht Club was mostly for the benefit of the LLC for marketing, advertising the business, and entertaining clients. He testified that the LLC always made the payments to the Savannah Yacht Club, and that he had never personally paid for the club dues. Also, Defendant testified that the payments to the Savannah Yacht Club are included under the "food" category of his Schedule "J," since he, his wife, and his daughter use it for dining.

## CONCLUSIONS OF LAW

Plaintiff objects to discharge on two grounds. First, in a restatement of the language contained in 11 U.S.C. §727(a)(2), Plaintiff alleges that Defendant has "transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, mutilated, or concealed property of the estate within one year before the date of the petition, or after the filling of the petition, has knowingly and fraudulently in connection with the case, made false oath or account, and/or has concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information from which the debtor's financial condition or business transactions might be ascertained." Second, in a restatement of the language contained in 11 U.S.C. § 727(a)(5), Plaintiff alleges that Defendant has "failed to explain satisfactorily any loss of assets or deficiency of assets to meet Debtor's liabilities."

Plaintiff has raised questions regarding certain expenses that Defendant paid from the large deposit in 2006. However, because Plaintiff brought this objection pursuant to Sections 727(a)(2) and (a)(5) rather than Section 707(b) or Section 523, Defendant's expenditures are not relevant to the Court's inquiry.

If either § 727(a)(2) or § 727(a)(5) elements are proven, this Court must deny Defendant his discharge. However "courts generally construe the statutory exceptions to discharge in bankruptcy 'liberally in favor of the debtor,' and recognize that 'the reasons for denying a discharge... must be real and substantial, not merely technical and conjectural.'" Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 304 (11th Cir. 1994)(quoting In re Tully, 818 F.2d 106, 110 (1st Cir. 1987)). "This narrow construction ensures that the 'honest but unfortunate debtor' is afforded a fresh start." Id. (quoting Birmingham Trust Nat'l Bank v. Case, 755 F.2d 1474, 1477 (11th Cir. 1985)). "This is so because revocation of a discharge in bankruptcy is an *extraordinary* remedy." In re Matos, slip op., 2008 WL 596744, at *1 (11th Cir. March 6, 2008).

The party objecting to discharge bears the burden of proving the grounds for denial (of discharge). Fed.R.Bankr.P. 4005. Once the plaintiff meets the initial burden by producing evidence establishing the basis for his objection, the burden shifts to the debtor to satisfactorily explain the loss. Chalik v. Moorfield (In re Chalik), 748 F.2d 616, 619 (11th Cir. 1984); *see also* Miller, 39 F.3d at 306-07. "Thus, the debtor has the ultimate burden of

persuasion, demonstrating that he is entitled to a discharge despite the evidence presented by the objecting party." In re Matus, 303 B.R. 660, 672 (Bankr.N.D.Ga. 2004)(*citing* In re Bratcher, 289 B.R. 205, 217(Bankr.M.D.Fla. 2003)(the debtor must bring forth enough credible evidence to overcome the objection)).

## I. Section 727(a)(2)

In order to prevail on an objection under §727(a)(2), Plaintiff must show the following:

> (1) that the act complained of was executed within one year before the date of the filing of the petition;
>
> (2) that the act was executed with actual intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code;
>
> (3) that the act was that of the debtor or a duly authorized agent of the debtor, and
>
> (4) that the act consisted of transferring, removing destroying or concealing any of the debtor's property, or permitting any of these acts to be executed.
>
> In re Matus, 303 B.R. at 672(*citing* 6 Lawrence P. King et al., Collier on Bankruptcy ¶ 727.02 (15th ed. 2003)); *see also* In re Clegg, 352 B.R. 912, 922 (Bankr.M.D.Ga. 2006); In re Silverstein, 151 B.R. 657, 660 (Bankr.E.D.N.Y. 1993); In re Peters, 106 B.R. 1, 4 (Bankr.D.Mass. 1989); In re Kessler, 51 B.R. 895, 898 (Bankr.Kan. 1985); In re Balch, 25 B.R. 22, 24 (Bankr.Tex. 1982).

The Court finds that Plaintiff has failed to meet its burden of proof. There

is no evidence that Defendant had the actual intent to defraud his creditors. "A creditor alleging intent to defraud under §727(a)(2)(A) bears the considerable burden of demonstrating *actual fraudulent intent;* constructive fraud is insufficient . . . [T]he bankruptcy court's determination of whether a debtor acted with the requisite intent is a question of fact . . . ." Miller, 39 F.3d at 306-07(internal citations omitted).

Plaintiff alleges that Defendant's transfers to his wife[1] and to his mother were intended to defraud Plaintiff and his other creditors. There is no evidence to suggest that Defendant had the actual intent to conceal or dispose of property of the estate or that he has failed to explain his inability to pay his creditors. Based on the credible, undisputed testimony of Defendant, he was merely making financial amends when he earned a large commission. He gave his wife a check because he had fallen behind in child support and was attempting to reconcile his marriage. Furthermore, he paid his mother part of a loan he had received from her when his finances were in disarray. This Court concludes that Defendant's actions were taken not with intent to defraud but to repair his finances. *See* In re Clegg, 352 B.R. at 922.

Furthermore, the motivation of Defendant in effecting the payment to Savannah Country Day School was to keep his daughter in school since payments to the school were four months overdue. Additionally, the payment to the Savannah Yacht Club made from his LLC's account on a bona fide outstanding balance due. Though these

---

[1]Debtor credibly testified that the $500 check to cash was for his wife and his daughter.

transfers may be deemed preferential in nature, "[a] mere preferential transfer of this sort is not tantamount to a fraudulent transfer for the purposes of denying a discharge."Miller, 39 F.3d at 307. For the foregoing reasons, I hold that Debtor cannot be denied a discharge under §727(a)(2)(A).

## II. Section 727(a)(5)

Section 727(a)(5) states that a debtor will be denied a discharge when "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." In a § 727(a)(5) claim, the plaintiff is required to show a loss of assets. The burden then shifts to the debtor to give a satisfactory explanation of the loss. Hawley v. Cement (In re Hawley), 51 F.3d 246, 249 (11th Cir. 1995). "The question of whether a debtor satisfactorily explains a loss of assets is a question of fact." "To be satisfactory, 'an explanation' must convince the judge. Vague and indefinite explanation of losses that are based upon estimates uncorroborated by documentation are unsatisfactory." Chalik, 748 F.2d at 619 (internal citations omitted).

I am convinced that Defendant's explanation of the loss of assets is satisfactory. Defendant provided specific, definite, and complete explanations that each of the checks he wrote were either payments from another entity or were accounted for in his schedules. First, Defendant credibly testified that the limited liability company he owns and operates made the payments to the Savannah Yacht Club for the benefit of the LLC.

Defendant also credibly testified that these payments were included in his Schedule "J" under the "food" category.[2] Second, the loan from his mother was included in an amendment to Schedule F in the amount of $50,000. *See* Amendment to List of Creditors, Case No. 07-40090, Dckt. No. 17 (March 6, 2007). The payment to his mother pursuant to this debt may be a preferential transfer, but it does fall under the purview of this exception. Third, Debtor credibly testified that his payments to his wife and to Savannah Country Day School were revealed in Schedule J under 13(b) "other" identified as "Spouse's CC Payments & Tuition." Chapter 7 Voluntary Petition, Case No. 07-40090, Dckt. No. 1, Schedule J (January 17, 2007). For the foregoing reasons, I hold that Debtor cannot be denied a discharge under §727(a)(5).

## O R D E R

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the relief sought by Plaintiff is denied, and that Debtor's discharge shall be granted.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This ___31st___ day of March, 2008.

---

[2] Though Debtor should have included the payments to the Savannah Yacht Club in the "Recreation, clubs and entertainment, newspapers, magazines, etc." category, Debtor credibly testified and Plaintiff failed to disprove that these payments were included in the "food" category of Schedule "J."